McINNIS, Judge.
This is a suit for $625.90 for damage to a 1950 model GMC truck, with aluminum van type body, and other items of damage, in an accident on the early morning of November 6, 1951. Plaintiff alleges that about the hour of 1:45 A.M. he was driving south on U. S. highway 71 about 2^2 miles north of Clarence, Louisiana, at which point he met a truck belonging to defendant, being driven by Fred Turner, defendant’s employee, and that when about 100 feet from the truck the driver moved over to his left side of the highway, and in order to avert a collision he pulled off the highway onto the shoulder of the highway and into the ditch where he collided with a culvert in the ditch, as the result of which his truck was damaged in the following particulars:
(a) Aluminum type body, totally destroyed, having the value of $250,-00.
(b) Damages incurred to the 1950 GMC truck, necessitating the purchase of the following parts :
1 Right front fender $25.62
1 Head light door 2.52
1 Right front wheel 17.35
1 Right front hub ' 6.25
1 Right front spindle 9.45
1 Right running board 10.50
2 Right running board brackets 3.00
1 Right windshield glass 11.42
1 Right mirror and brackets 6.02
1 Left door glass 8.87
1 Back glass 5.75
1 Park light lens and rim 1.50
Total $108.25
(c) Labor on axle, grille, gravel pan, cowl, right door, right side top, and painting truck, $154.00
Total $262.25
Tax 5.25
$267.50
He alleges other damages suffered, in the following sums:
Wrecker service $30.00
Necessity of hiring a man to take petitioner’s place for two nights in order for petitioner to get his truck in shape $16.00
Rental on truck for 4 days @ $12.00 while petitioner’s truck was being repaired $48.00
Telephone calls regarding load of films he was hauling at the time of the accident $14.40
Total $108.40
On information and belief, he alleges that the truck driver had been driving for a long time, and was sleepy, and this accounted for his losing control of the truck.
An exception of vagueness and motion for bill of particulars was filed and overruled, and an exception of no cause of action was then filed and overruled.
Defendant then answered denying all the allegations of the petition, and alleging affirmatively that no truck owned by it was being driven in the manner set forth, nor was any truck owned by it at the location set forth in the petition at the time and place described in the petition.
After trial on the merits there was judgment in the district court rejecting the demands of the plaintiff, from which judgment he prosecutes a devolutive appeal.
The sole question for determination is whether or not the truck of defendant forced plaintiff off the road. This is, of course, a question of fact.
At the beginning of the trial defendant entered in the record an admission that on the morning of November 6, 1951 it had a truck in the possession of its driver, Fred *522 Turner, between the hours of 1:00 and 3:00 o’clock A.M., on the road in the vicinity of this accident.
The record discloses that plaintiff had a contract to carry moving picture films to all theatres from Clarence, Louisiana, north to Shreveport, as well as all theatres in Shreveport, and a feeder truck to Texar-kana and back to Shreveport. He drove his own truck. On the morning of November 6, 1951 he left Shreveport about midnight, and was due at Clarence, Louisiana from 1:30 to 2:00 A.M.
His route was over highway 20 from Shreveport to Armistead where he crossed the river to Coushatta. The accident occurred about 2i/2 miles north of Clarence at some time around 1:45 to 2:00 A.M.
He testifies that he met a red truck with red float body, not loaded, and the driver refused to dim the lights after plaintiff had asked for dimmers. That the driver moved over to his left side of the road, forcing plaintiff off the road and causing the truck to turn over. This was near Club 71, and as soon as plaintiff got out of his truck he looked at the pattern of the lights on the truck, went to Club 71 and asked Billy Graff to take him to the bus station in Clarence, and as soon as he could get there he asked Fred Mehaffy to flag the first truck going north, which was a T. & P. truck, and sent a note to State Trooper E. C. Clinton at Coushatta. He also called Trooper Clinton by telephone and asked him to look out for the truck. Trooper Clinton stopped the truck of defendant at Coushatta and called plaintiff at Clarence to come up, which he did, and identified the truck as the one that had run him off the road. The time was then about 3:00 A.M.
The truck driver at that time denied having run anyone off the road, and continued to deny it on the trial of the case. He said he got to Clarence at 1:20 o’clock A.M. and drove around to the back of the cafe there to get a cup of coffee, and left at 1:35 o’clock A.M. for Shreveport. Fie says he met trucks and cars on the way to Cou-shatta.
C. R. Gillen of Shreveport testified that he was driving south on highway 71 on the early morning of November 6, 1951, and he met a red truck with float body around 2:00 o’clock A.M. at Fairview-Alpha, about half way between Clarence and Coushatta. The truck driver refused to dim the lights and came over on the wrong side of the road, forcing him off the road onto the shoulder, 'but he managed to get by and back onto the road without losing control of his car.
E. E. Woodley, one of the attorneys for the defendant, testified to a statement he claimed Trooper Clinton made to him, and filed the statement in the record. It was not signed. In fact Trooper Clinton would not sign it, and his testimony contradicts it in many respects.
After trial defendant moved to reopen the case- for the purpose of showing there was no culvert near the place where the accident occurred, but affidavits and statements from the Department of Highways lead to the conclusion that there is a culvert there.
We are not favored with written reasons for the conclusions of the district judge. We are informed in brief that the district judge considered the case as one in which the plaintiff made an assertion, which was denied by the truck driver, and that therefore, plaintiff failed to make out his case.
In all civil cases the plaintiff is required to make out his case by a clear preponderance of the evidence. This evidence may be direct or circumstantial. Considering all the evidence in this case it appears that plaintiff has made out his case. Of course there are contradictions, but shorn of these, we find the truck of defendant with a tired driver who left Shreveport about 10:00 o’clock A.M. November 5, 1951 with a load of fertilizer for delivery to Moreauville, Louisiana and was returning to Shreveport. Admittedly he had little sleep. He says he slept 2% hours in Moreauville while others unloaded the truck, and he had pulled off the road for two short naps on the way, before he arrived at Clarence, where he says he always stopped for a cup of coffee. Admittedly he was in the vicinity of the scene of the accident at the time it happened. Fie left Clarence at about the right time to have *523 met plaintiff at the scene of the accident. A track of similar description forced C. R. Gillen off the highway. The driver would not dim his lights. Trooper Clinton says this driver would not dim his lights when stopped at Coushatta.
All these things corroborate the testimony of plaintiff, and in our opinion make out his case. There appears no doubt that if plaintiff is entitled to recover, the award should be $611.50.
With great respect for the finding of the district judge on a question of fact, we are of the opinion that he has fallen into error in this case.
For these -reasons the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff, appellant, Leonard M. Johnson, and against defendant, appellee, Smith-Douglas Co., Inc., in the sum of $611.50 with interest at the rate of 5% per annum from judicial demand, and for all costs of this proceeding in both courts.